UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-20301-CR-GAYLES/TORRES

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JESSICA PALACIO,

    Defendant.

_____/

**REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on Jessica Palacio's ("Defendant") motion to dismiss the United States of America's (the "Government") indictment as time-barred pursuant to Federal Rules of Criminal Procedure 12(b)(3)(A)(ii) and (iv), 18 U.S.C. Section 3282(a), 18 U.S.C. Sections 3288-3289, and the Presentment Clause of the Fifth Amendment of the United States Constitution.  [D.E. 15].  The Government responded to the motion on June 23, 2021 [D.E. 21] to which Defendant replied on July 7, 2021.  [D.E. 25].  Therefore, Defendant's motion is now ripe for disposition.  After careful consideration of the motion, response, reply, relevant authorities, and for the reasons discussed below, Defendant's motion to dismiss should be **DENIED**.[1]

---

[1] On June 11, 2021, the Honorable Darrin P. Gayles referred Defendant's motion to the undersigned Magistrate Judge for disposition.  [D.E. 18].

## I.   BACKGROUND

From March 26, 2020 until November 17, 2020, the Southern District of Florida suspended grand juries in response to the COVID-19 pandemic, creating a nearly eight-month period during which the Government could not seek indictments. On August 31, 2020, the Government filed an information charging Defendant and three other individuals with a conspiracy to commit wire fraud and making a false statement without obtaining a waiver of Defendant's Fifth Amendment right to presentment of an indictment to a grand jury. The Government did not arrest Defendant, nor did she appear for an initial appearance. Instead, Defendant notified the Government that she declined to waive her right to be charged by indictment and she filed a motion to dismiss the information on September 10, 2020. The Government then submitted an order of dismissal pursuant to Rule 48(a), seeking leave of court to dismiss the information without prejudice. The notice alerted the Court that Defendant opposed the Rule 48(a) dismissal order and directed attention to the pending motion to dismiss. The Court signed the Rule 48(a) dismissal order on September 11, 2021 and denied Defendant's motion to dismiss as moot.

On May 11, 2021, a federal grand jury returned a two-count indictment charging Defendant with a conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and making a false statement, in violation of 18 U.S.C. § 1001(a)(2). The charges allege that Defendant was involved in a conspiracy to falsify data in a pediatric asthma drug study that was conducted at a clinical research site called Unlimited Medical Research ("UMR") until at least April 2017. [D.E. 1 at 5-6, ¶ 2].

The indictment also claims that Defendant, along with others employed at UMR, enrolled more than 100 children as research subjects in a clinical trial to evaluate the safety and efficacy of a particular asthma treatment in children aged four to eleven.

However, the actual work was purportedly a fraud where many, if not all, of the children failed to participate in a clinical trial. The Government alleges that Defendant and her co-conspirators falsely represented in medical records that UMR staff physically evaluated the children in compliance with certain study requirements, dispensed medication, assessed adverse events, and regularly contacted them. But, the Government states that none of these events took place and that Defendant made these misrepresentations with knowledge of their falsity.

## II. APPLICABLE PRINCIPLES AND LAW

Fed. R. Crim. P. 7(c)(1) requires that an indictment contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Under Fed. R. Crim. P. 12(b)(1), "[a] party may raise by pretrial motion any defense, objection or request that the court can determine without a trial of the general issue." A motion alleging a defect in the indictment must be raised before trial, unless the defect is regarding the district court's lack of jurisdiction or failure to state an offense, which may be brought at any time while a case is pending. *See United States v. Baxter*, 579 F. App'x 703, 705 (11th Cir. 2014) (citing Fed. R. Crim. P. 12(b)(3)(A)-(B)).

An indictment is sufficient if it: "(1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." *Id.* (quoting *United States v. Steele*, 178 F.3d 1230, 1233-34 (11th Cir. 1999)). A court must determine the sufficiency of an indictment from its face and "may not dismiss an indictment based on a determination of facts that should have been developed at trial." *Id.* (citing *United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004); *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006)).

Indeed, the Eleventh Circuit has held that there is "no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of the sufficiency of the evidence." *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992); *see also Salman*, 378 F.3d at 1268 ("A motion for acquittal under Rule 29 is the proper avenue for contesting the sufficiency of the evidence in criminal cases because there is no explicit authority to grant a pre-trial judgment as a matter of law on the merits under the Federal Rules of Criminal Procedure."). An indictment that charges in the language of the relevant statute is sufficient "as long as it also provides a statement of facts and circumstances that give notice of the offense to the accused." *United States v. Jordan*, 582 F.3d 1239, 1246 (11th Cir. 2009) (quotation omitted).

## *III. ANALYSIS*

Defendant seeks to dismiss count one of the Government's indictment because it violates the five-year statute of limitations provided under 18 U.S.C. § 3282.[2] Defendant claims that her participation in the alleged conspiracy ended when her employment terminated with UMR in September 2015 and that the indictment here was not returned until May 2021 – more than nine months after the five-year statute of limitations expired.

To fix this problem, Defendant says that the Government filed a waiver-less information with the belief that this was sufficient to "institute" the information and to toll the statute of limitations under 18 U.S.C. §§ 3288-89. But, Defendant argues that the filing of a waiver-less information combined with the submission of an *ex parte* court order seeking immediate dismissal is inconsistent with the purpose and statutory text of 18 U.S.C. § 3282(a) and the Fifth Amendment. Defendant asserts that the Government may only institute an information when it possesses the ability to prosecute – not to file an information and then seek immediate dismissal for the sole purpose of extending a statute of limitations. Otherwise, Defendant is concerned that the Government could use this process to always avoid the five-year statute of limitations at its convenience.

The Government opposes Defendant's motion in two respects. First, the Government says that Defendant's motion fails because the conspiracy charge is

---

[2] Defendant does not move to dismiss count two where it alleges that she made a materially false statement in 2017 to a Food and Drug Administrator conducting a regulatory inspection of UMR.

5

timely based on the allegations in the indictment. The Government claims that the criminal conspiracy in count one continued until at least April 2017 and that the time to prosecute does not expire until April 2022. Although Defendant contends that her participation in the alleged conspiracy ended sooner than April 2017, the Government views this as a nonstarter because, even if true, a withdrawal from a conspiracy is an affirmative defense that Defendant failed to establish. For this reason alone, the Government concludes that Defendant's motion should be denied and that no further analysis is required.

Alternatively, even if the conspiracy ended in September 2015 when Defendant terminated her employment with UMR, the Government says that the indictment remains timely because it instituted an information against Defendant within the five-year timeframe on August 31, 2020. The Government asserts that, after Defendant chose not to waive prosecution by indictment, Judge Bloom signed an order of dismissal under Fed. R. Crim. P. 48(a). Thus, pursuant to 18 U.S.C. 3288, the Government claims that this dismissal order tolled the statute of limitations for six months starting on November 17, 2020, or the date in which grand juries resumed in the Southern District of Florida. Since the Government indicted Defendant on May 11, 2021, and within the six-month grace period, the Government reasons that the indictment is timely even under an alternative end date for the conspiracy.

6

### A. *Whether the May 2021 Indictment is Timely*

The primary question here is whether the indictment is timely. Defendant argues that an information can only be instituted if the Government possesses the ability to prosecute and that, without meeting these requirements, the Government's actions run afoul of the Fifth Amendment and the statute of limitations under 18 U.S.C. § 3282(a). *See United States v. Montgomery*, 628 F.2d 414, 416 (5th Cir. 1980) ("Unless there is a valid waiver, the lack of an indictment in a (federal) felony case is a defect going to the jurisdiction of the court.") (citations and quotation marks omitted).

Defendant's argument is based largely on the interplay between Federal Rule of Criminal Procedure 48(a) and the Fifth Amendment. Pursuant to Rule 48(a), "[t]he government may, *with leave of court*, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a) (emphasis added). The purpose of the "'leave of court' requirement is to protect a defendant against prosecutorial harassment, *e.g.*, charging, dismissing, and recharging, when the Government moves to dismiss . . . over the defendant's objection." *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977); *see also United States v. Salinas*, 693 F.2d 348, 351 (5th Cir. 1982) ("This prosecutorial harassment involves charging, dismissing, and subsequently commencing another prosecution at a different time or place deemed more favorable to the prosecution."). A district court may decline to permit dismissal if the government's motion is "prompted by considerations clearly contrary to the public interest." *Rinaldi*, 434 U.S. at 29 n.15. In other words, the leave of court

7

requirement empowers a district court "to exercise discretion over the propriety of a prosecutorial motion to dismiss" and to determine whether the government has sought dismissal in good faith, or whether the government's motivations are contrary to the public interest. *Salinas*, 693 F.2d at 351.

"Generally, unless a contrary intent is clearly expressed, [R]ule 48(a) dismissals are without prejudice" and are appropriate when "the reason for dismissal does not go to the merits or demonstrate a purpose to harass." *United States v. Matta*, 937 F.2d 567, 568 (11th Cir. 1991). In evaluating whether to grant leave to dismiss an indictment, information, or complaint without prejudice under Rule 48(a), "the government is entitled to a presumption of good-faith." *United States v. Dyal*, 868 F.2d 424, 428 (11th Cir. 1989). However, courts cannot use "Rule 48(a) to gain a position of advantage or to escape from a position of less advantage in which the Government found itself as the result of its own election." *Salinas*, 693 F.2d at 353 (internal quotation marks and citation omitted).

Along the same lines, the Fifth Amendment to the United States Constitution provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. Const. amend. V. Federal Rule of Criminal Procedure 7(a) "gives effect to" this provision with the requirement that felonies "be prosecuted by an indictment." Fed. R. Crim. P. 7(a) (quoting 1944 advisory committee note to subdivision (a)). Non-capital felony offenses are an exception to the rule, where these can "be prosecuted by information if the defendant—in open court and after being advised of the nature

8

of the charge and of the defendant's rights—waives prosecution by indictment." Fed. R. Crim. P. 7(b).

Title 18, Section 3282 provides a statute of limitations for non-capital, federal crimes, including both felony and misdemeanor offenses. It provides that "no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or *the information is instituted* within five years next after such offense shall have been committed." 18 U.S.C. § 3282(a) (emphasis added). This period may be tolled if the "indictment or information charging a felony is dismissed for any reason after the period prescribed by the applicable statute of limitations has expired[.]" 18 U.S.C. § 3288 (emphasis added). If this occurs:

> [A] new indictment may be returned in the appropriate jurisdiction within six calendar months of the date of the dismissal of the indictment or information . . . or, if no regular grand jury is in session in the appropriate jurisdiction when the indictment or information is dismissed, within six calendar months of the date when the next regular jury is convened, which new indictment shall not be barred by any statute of limitations. This section does not permit the filing of a new indictment or information where the reason for the dismissal was the failure to file the indictment or information within the period prescribed by the applicable statute of limitations, or some other reason that would bar a new prosecution.

*Id*.

There is no controlling law on the meaning of how "information is instituted," and the question is now under consideration for the first time before the Eleventh Circuit in *United States v. B.G.G.*, No. 21-10165 (11th Cir. 2021); [D.E. 15 at 30 ("Neither the Supreme Court nor the Eleventh Circuit has directly addressed the issue of whether the government may institute an Information for purposes of

9

Section 3282 by merely filing a waiver-less Information with the clerk of court.")]. However, the Government relies on the Seventh Circuit's decision in *United States v. Burdix-Dana,* 149 F. 3d 741, 743-44 (7th Cir. 1998) because the Court held there that "the filing of the information [even absent a waiver of indictment] is sufficient to institute [the information] within the meaning of 18 U.S.C. § 3282." *Id.* at 743. Defendant says, on the other hand, that *Burdix-Dana* was wrongly decided and that three recent district court decisions should be followed instead. *See United States v. B.G.G.,* 20-cr-80063-DMM (S.D. Fla. 2020); *United States v. Machado*, 2005 U.S. Dist. LEXIS 26255, at *5-*6 (D. Mass. Nov. 3, 2005); *United States v. Sharma*, 14-CR-61, at *5 (S.D. Tex. May 19, 2016).

There is no need to decide this question because, unlike other cases where the timeliness of an indictment is entirely dependent on whether the "information is instituted," the indictment here is materially different. Defendant says that the statute of limitations should be traced back to September 2015 and that we must decide whether the information was instituted because otherwise the indictment is untimely. The reason Defendant relies on September 2015 as the operative date for the statute of limitations is because that is when the indictment says that her employment ended with UMR. [D.E. 1 at 3, ¶ 10 ("Defendant [Jessica Palacio] was a resident of Miami, Florida. From in or around December 2013 and continuing through in or around September 2015, [Palacio] served as a study coordinator at Unlimited Medical Research.")].

10

But, Defendant has missed the forest for the trees because that is not the end date of the conspiracy. The indictment alleges here that the conspiracy ran from September 2013 through April 2017, and that Defendant was a knowing participant. [D.E. 1 at 5-6, ¶ 2]. The question then becomes how to determine the statute of limitations period for an indictment premised on a conspiracy with a knowing participant.

Defendant sidesteps this question in her motion and focuses instead on when an information is instituted. That puts the cart before the horse, however, because it presumes that the operative date for the statute of limitations is September 2015. Defendant relies on that month and year because that is when she ended her employment with UMR. Yet, the "[l]aw in this Circuit recognizes that a conspirator's participation in a conspiracy is presumed to continue until all activity relating to the conspiracy is ceased." *United States v. LeQuire*, 943 F.2d 1554, 1563–64 (11th Cir. 1991) (citing *United States v. Finestone,* 816 F.2d 583, 589 (11th Cir. 1991)). The only exception to this presumption is where an actor has made "an affirmative showing that [the conspiracy] has terminated." *United States v. Coia*, 719 F.2d 1120, 1125 (11th Cir. 1983) (citing *United States v. Mayes,* 512 F.2d 637, 642 (6th Cir. 1975)).

The Eleventh Circuit has further established that "[w]ith respect to conspiracy statutes that do not require proof of an overt act, the indictment satisfies the requirements of the statute of limitations if the conspiracy is alleged to have continued into the limitations period." *Id.*; *see also United States v. Butler*, 792 F.2d

11

1528, 1532–33 (11th Cir. 1986) ("We hold that on a non-overt-act conspiracy charge, the indictment satisfies the requirements of the statute of limitations if the government alleges and proves, at trial or pretrial, that the conspiracy continued into the limitations period.") (citing *Coia,* 719 F.2d at 1124). That rule applies here because a conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 does not require proof of an overt act. *See United States v. Feldman*, 931 F.3d 1245, 1258 (11th Cir. 2019) ("A conspiracy charge under section 1349 '"does not require the commission of an overt act."'") (citing *Gonzalez*, 834 F.3d at 1220). Thus, to determine the operative date for statute of limitation purposes, we look to whether the indictment alleges a conspiracy that continued into the limitations period and whether it alleges that Defendant was a knowing participant. *See United States v. Harriston*, 329 F.3d 779, 783 (11th Cir. 2003) ("The government satisfies the requirements of the statute of limitations for a non-overt act conspiracy if it alleges and proves that the conspiracy continued into the limitations period. The government only has to show, either directly or circumstantially, that a conspiracy existed; that the defendant knew of the conspiracy; and that with knowledge, the defendant became a part of the conspiracy.") (citations omitted).

Here, the indictment alleges both. It first states that Defendant was a knowing participant of a conspiracy to commit wire fraud. [D.E. 1 at 5-10, ¶¶ 1-14]. It also adds that the conspiracy began in 2013 and continued through at least April 2017. [D.E. 1 at 5-6, ¶ 2]. So, given that the indictment here meets both requirements for a statute of limitations period, the only way for Defendant to

12

shorten the operative timeframe from April 2017 to an earlier date is to show that she withdrew from the conspiracy.

Defendant fails, however, to present any facts on withdrawal especially where the burden is a substantial one and where it constitutes "an affirmative defense . . . [that] the defendant has the burden of proving." *Finestone*, 816 F.2d 583, 589 (11th Cir. 1987). Indeed, Defendant only mentions, in a conclusory remark, that she ended her employment at UMR in September 2015. That is insufficient because withdrawal requires that an actor take affirmative steps as opposed to nonparticipation. *See United States v. Hogan*, 986 F.2d 1364, 1375 (11th Cir. 1993) ("Withdrawal from a conspiracy is only a defense if the actor affirmatively withdrew; it is not enough that he merely ceased to participate."). And the Eleventh Circuit often refers to this as a two-part test:

> [T]he defendant must prove that he undertook affirmative steps, inconsistent with the objects of the conspiracy, to disavow or to defeat the conspiratorial objectives, *and* either communicated those acts in a manner reasonably calculated to reach his co-conspirators or disclosed the illegal scheme to law enforcement authorities.

*Finestone*, 816 F.2d at 589 (citations omitted).

Yet, neither requirement is met here because the termination of Defendant's employment is not an affirmative step to disfavor or defeat a conspiracy nor are there any facts presented on whether she made these communications to co-conspirators or law enforcement. The indictment here is therefore timely filed because – irrespective of whether the information was instituted by criminal information in the fall of 2020 – the underlying wire fraud conspiracy took place

13

between 2013 and 2017 and no withdrawal defense has been presented. So, even if the information was defective in some respects in the fall of 2020, the Government has until 2022 before any statute of limitation concerns arise since the five-year period runs from the date that the conspiracy ended in 2017.

In a last-ditch effort, Defendant argues in her reply that, based on the allegations in a *related case*, there is no allegation that ties her involvement to a conspiracy that ends in April 2017. But, even if a related case failed to include the necessary allegations with respect to Defendant's involvement in a wire fraud conspiracy, the same defect is not present here. Count one states, quite clearly, that "[b]eginning in or around September 2013 and continuing at least through in or around April 2017, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendant, [Jessica Palacio] did willfully . . . and knowingly combine, conspire to commit certain offenses against the United States[.]". [D.E. 1 at 5-6, ¶ 2]. It is thus unclear why the indictment here is defective when the allegation that Defendant complains about is specifically included. In other words, whether that same allegation is missing in a parallel case is an entirely separate question and not one currently presented.

Defendant's second argument is that, since the dismissal of the original information, the Government is revising its theories with respect to how the conspiracy operated. This assertion is unpersuasive, in large part, because it relies on nothing but speculation without any evidence of the Government's motives or intentions. Yet, even if we assume that the Government has revised its allegations

14

since the latter part of last year, it is unclear why the Government is prohibited from doing so if it has a good faith basis to believe that the conspiracy continued until April 2017 and the statute of limitations has not passed. If Defendant believes that the Government's allegations are somehow "vexatious, frivolous, or in bad faith," that question can be revisited at a later date and may allow Defendant to recover a reasonable fee award for prosecutorial misconduct if she can prove her suspicions by a preponderance of the evidence.[3] *See United States v. Gilbert,* 198 F.3d 1293, 1296 (11th Cir. 1999). However, without any evidence at this stage and after accepting the allegations as presented on the face of the indictment, Defendant's motion to dismiss should be **DENIED**.

## *IV. CONCLUSION*

For the foregoing reasons, the Court **RECOMMENDS** that Defendant's motion to dismiss the Government's indictment [D.E. 15] be **DENIED**.

---

[3] The Hyde Amendment provides that an award of reasonable attorney's fees shall be granted to a prevailing criminal defendant, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), if a defendant establishes that the government's prosecution was "vexatious, frivolous, or in bad faith." *Gilbert,* 198 F.3d at 1296. "The criminal defendant bears the burden of proving this by a preponderance of the evidence, as well as establishing that he is otherwise qualified for the award under the law." *United States v. Adkinson,* 247 F.3d 1289, 1291 (11th Cir. 2001). The Hyde Amendment is "targeted at prosecutorial misconduct, not prosecutorial mistake." *Gilbert,* 198 F.3d at 1296. Therefore, to succeed in obtaining an award for fees and expenses under the Hyde Amendment, "[a] defendant must "show that the government's position underlying the prosecution amounts to prosecutorial misconduct." *Id.* at 1299. Courts have described this as a "daunting obstacle" to prove because, for a court to grant an application under the Hyde Amendment, "a lot more is required . . . than a showing that the defendant prevailed at the pre-trial, trial, or appellate stages of the prosecution. *Id.*

15

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 12th day of July, 2021.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge