# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 21-20301-CR-GAYLES/TORRES

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JESSICA PALACIO,

    Defendant.
_____/

## ORDER ON PENDING CRIMINAL MOTIONS

This matter is before the Court on Jessica Palacio's ("Defendant") motion for a bill of particulars and to compel the United States of America (the "United States" or the "Government") to provide notice of the evidence that it intends to use at trial. [D.E. 30-31]. The Government filed an omnibus response on August 6, 2021 [D.E. 32] to which Defendant replied on August 23, 2021. [D.E. 39]. Therefore, the motions are now ripe for disposition. After careful consideration of the motions, response, reply, relevant authorities, and for the reasons discussed below, Defendant's motions are **DENIED**.[1]

---

[1] On August 17, 2021, the Honorable Darren Gayles referred Defendant's motions to the undersigned Magistrate Judge for disposition. [D.E. 36].

## I.  BACKGROUND

On May 11, 2021, a federal grand jury returned a two-count indictment charging Defendant with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and making a false statement, in violation of 18 U.S.C. § 1001(a)(2).  The charges allege that Defendant was involved in a conspiracy to falsify data in a pediatric asthma drug study that was conducted at a clinical research site called Unlimited Medical Research ("UMR") until at least April 2017.  [D.E. 1 at 5-6, ¶ 2]. The indictment also claims that Defendant, along with others employed at UMR, enrolled more than 100 children as research subjects in a clinical trial to evaluate the safety and efficacy of a particular asthma treatment in children aged four to eleven.

Count one alleges that Defendant and co-conspirators falsely represented that UMR staff physically evaluated children in compliance with certain study requirements, dispensed medication, assessed adverse events, and regularly contacted them.  The indictment claims that these events never took place, that Defendant made material misrepresentations, and that she acted with knowledge of their falsity.  Count two alleges that an investigator with the United States Food and Drug Administration questioned Defendant about the fraudulent scheme, but that she knowingly lied about it.  Therefore, the Government seeks a conviction as to both counts in the indictment and a forfeiture of any property traceable to Defendant's conduct pursuant to 18 U.S.C. § 981(a)(1)(c).

2

## II.  ANALYSIS

Defendant seeks to compel the Government to provide a bill of particulars and other disclosures pursuant to Rules 12 and 16 of the Federal Rules of Criminal Procedure. The Government opposes the motions in all respects because the relief requested is both inappropriate and unnecessary. The Government says that Defendant already has a complete set of relevant materials to prepare for her defense and that, to the extent she needs additional time to review these items, the proper vehicle is to file a motion for a continuance as opposed to the relief requested. We consider each motion in turn.

### A.   *Whether Plaintiff is Entitled to a Bill of Particulars*

The first motion seeks a bill of particulars. Defendant says that, without a bill of particulars, she cannot adequately prepare for her defense because the charges in the indictment allege a far-reaching wire fraud conspiracy with multiple defendants and more than 1 million pages of discovery. Defendant first takes aim at count one because it fails to identify the object of the conspiracy and the names of the victims. She also claims that count one is defective because it fails to state any facts that give her notice of when or how she joined the conspiracy. *See United States v. Ramamurthy*, 2019 WL 633328, at *3 (S.D. Fla. Feb. 13, 2019) ("I am requiring the United States to commit to a date when Dr. Ramamurthy joined the conspiracy by the morning of the first trial day when the government seeks to introduce co-conspirator statement evidence against her.") (emphasis in original). Her final

3

complaint is that count one fails to provide any specific details on the materially false statements she made and to which patients. Because the information requested is essential to her defense, Defendant says that a bill of particulars is necessary to cure the shortfalls identified above.[2]

Under Federal Rule of Criminal Procedure 7(f), the Court, in its discretion, may direct the Government to file a bill of particulars. A bill of particulars "inform[s] the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985) (citations omitted). It may not, however, be used to seek generalized discovery, *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985), nor is it "designed to compel the government to detail[] exposition of its evidence or to explain the legal theories upon which it intends to rely at trial." *United States v. Roberts*, 174 F. App'x 475, 477 (11th Cir. 2006) (quoting *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980)); *see also United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir. 1986) ("A bill of particulars may not be used to compel the government to provide the essential facts regarding the existence and formation of a conspiracy."). Instead, the purpose of a bill of particulars is to "supplement[] an indictment by providing the defendant

---

[2] Defendant adds that none of the items requested should burden or prejudice the Government. Instead, she says that a bill of particulars will merely require the production of essential facts and allow for a meaningful defense.

4

with information *necessary* for trial preparation." *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) (emphasis in original).

If a bill of particulars was used to serve as a wholesale discovery device, it would frustrate the federal discovery rule. Rule 16(b)(2) of the Federal Rules of Criminal Procedure states that the rule "does not authorize the discovery or inspection of . . . statements made . . . by government . . . witnesses, or by prospective government . . . witnesses." Fed. R. Crim. P. 16(b)(2). A defendant who desires a list of government witnesses-or unindicted co-conspirators could thus bypass the Rule 16(b) restriction on discovery by asking for and receiving a bill of particulars pursuant to Fed. R. Crim. P. 7(f), which simply provides that the court may direct the filing of a bill of particulars. Because a criminal defendant has no right to obtain a list of witnesses by simply calling his request a "bill of particulars," *United States v. Pena,* 542 F.2d 292, 294 (5th Cir. 1976), a bill of particulars is not automatically accorded the status of a supplement to an indictment.

Ultimately, district courts have broad discretion in deciding whether a bill of particulars should be granted, and a denial of a bill of particulars is only reversible upon a showing of actual surprise and prejudice against the defendant at trial. *Cole*, 755 F.2d at 760 (citing *United States v. Colson*, 662 F.2d 1389, 1391 (11th Cir. 1981)); *see also Roberts*, 174 F. App'x at 477 (citing *Will v. United States*, 389 U.S. 90, 98–99 (1967) ("We review a district court's denial of a motion for a bill of particulars for

abuse of discretion. . . . Proof of abuse requires a showing of actual surprise at trial and prejudice to the defendant's substantial rights resulting from the denial.")).

Defendant's first complaint is two-fold – that the Government fails to provide specific details on the object of the conspiracy and that it fails to specify the names of the victims. The first argument misses the mark because the object of the conspiracy is obvious based on the face of the indictment. The indictment provides detailed allegations on how Defendant worked for UMR in Miami Florida, how she engaged in a fraudulent scheme to misrepresent that children participated in a clinical trial when in fact they had not done so, and how she later lied to a government investigator. Based on these allegations, nothing more is required to determine the object of the conspiracy. *See, e.g., United States v. Mainieri,* 691 F. Supp. 1394, 1396 (S.D. Fla. 1988) ("Having determined that this purpose has been accomplished adequately by the indictment and discovery provided to the defendant, the Court is well within its broad discretion to deny defendant's Motion for a Bill of Particulars."); *United States v. Stern,* 2018 WL 4520876, at *3 (S.D. Fla. Sept. 18, 2018) (Matthewman, J.) ("The Court does want to ensure that Defendant is on notice of the specific properties associated with the potentially-collusive conversations between Defendant and the co-conspirators and which are the subject of the charged conspiracy. However, no bill of particulars is required as to the specific properties that were the object of the conspiracy due to the specific facts of this case, the disclosures which have already been made, and the forthcoming Government's

6

exhibit list."); *see also United States v. Thomas,* 2021 WL 3674123, at *17 (N.D. Ga. May 17, 2021), report and recommendation adopted, 2021 WL 2886015 (N.D. Ga. July 9, 2021) (denying bill of particulars in conspiracy case where the indictment itself identifies who and what the conspiracy involved and discovery produced was sufficient to identify evidence supporting the conspiracy charge); *United States v. Scrushy,* 2004 WL 483264, at *9 n.5 (N.D. Ala. Mar. 3, 2004) ("[T]here is a difference between being surprised by the charge and being surprised by the evidence supporting a charge. The function of the bill of particulars is to reduce surprise at the charge, that is, to enable the defendant to identify what he is alleged to have done in violation of law. It is not to eliminate surprise with respect to evidence offered in support of a charge that is clearly understood by the defendant.") (emphasis in original); *United States v. Bickers,* 2019 WL 7559292, at *8 (N.D. Ga. Sept. 17, 2019), report and recommendation adopted, 2019 WL 5587050 (N.D. Ga. Oct. 30, 2019) (denying bill of particulars where "the charging instrument in this case is very exhaustive and legally sufficient" and which "together with the voluminous discovery produced by the Government (i.e. bank records, financial statements, witness transcripts/recordings, business and tax related records), provide sufficient information about the nature of the charges to enable Defendant to prepare for trial,. . . .").

Turning to the names of the victims, the Government's response is that the information requested is already in the materials produced thus far. The

Government says that Defendant has access to the sponsor of the clinical research study, the contract research organization tasked with overseeing the study, and the parents of the children. Defendant views this as inadequate because she should not be tasked with rummaging through a million pages of documents to locate the names of the 109 children when the Government has this information readily available.

Defendant's request is misplaced because "[a] bill of particulars is not required where the information sought has already been provided by other sources, such as the indictment and discovery." *Roberts*, 174 F. App'x at 477; *United States v. Martell*, 906 F.2d 555, 558 (11th Cir. 1990) (citing *Rosenthal*, 793 F.2d at 1227) ("[A] defendant is not entitled to a bill of particulars 'with respect to information which is already available through other sources.'")); *see also United States v. Glecier,* 923 F.2d 496, 502 (7th Cir. 1991) (bill of particulars properly denied where extensive pretrial discovery and disclosures were provided to defendant, including public records, *Brady* materials and tape recordings of the defendant's activities that further informed defendant of the nature of the charges). The demand for victim names is also tantamount to a request for the Government's witness list and "a defendant has no right to obtain a list of witnesses by simply calling his request a 'bill of particulars.'" *Anderson*, 799 F.2d at 1442; *see also United States v. Malone*, 2005 WL 8148593, at *2 (M.D. Fla. May 24, 2005) ("The defendants' demand for these names, and *those of the victims*, is essentially a request for a witness list") (emphasis added). If Defendant needs additional time to review the relevant materials and to

8

discover the identities of the 109 victims, she has every right to file a motion seeking that relief. She cannot complain, however, that she has no knowledge of the victims especially where, as here, the information is in her possession and the Government is aggregable to giving her additional time to review the relevant materials.

The second issue is Defendant's request for facts concerning *how* she joined the conspiracy.³ This issue can be quickly disposed of because "[a] bill of particulars may not be used to compel the government to provide the essential facts regarding the existence and formation of a conspiracy. Nor is the government required to provide defendants with all overt acts that might be proven at trial." *Rosenthal*, 793 F.2d at 1227 (citing *United States v. Kilrain,* 566 F.2d 979, 985 (5th Cir. 1978)); *see also Colson*, 662 F.2d at 1391 (holding that defendant failed to demonstrate surprise or prejudice where government did not provide identity of unindicted co-conspirators or dates and locations of conduct in furtherance of alleged conspiracy). Indeed, courts have universally found that a defendant is not entitled to this level of detail because it blurs the lines between a bill of particulars and general discovery. *See, e.g.*, *United States v. Upton*, 856 F. Supp. 727, 753 (E.D.N.Y. 1994) ("As applied to a charge of conspiracy, . . . the view virtually universally held is that the defendant is not entitled to particulars regarding the formation of the conspiracy; [the] exact time and place of overt acts and the names and addresses of persons present; the details

---

³  The issue on *when* Defendant joined the conspiracy is moot because she withdrew this request in her reply.

concerning how and when the conspiracy was formed or when each participant entered the conspiracy."); *United States v. Henry*, 861 F. Supp. 1190, 1197 (S.D.N.Y. 1994) (requests to know the "whens," "wheres," and "with whoms" of acts in conspiracy are routinely denied). Because the Eleventh Circuit forbids the use of a bill of particulars for these purposes, Defendant cannot use this as a vehicle to discover specific details on how she joined the alleged conspiracy.

The final issue is whether the Government should be compelled to provide specific details on Defendant's materially false statements. This request, like the preceding ones, is inappropriate for a bill of particulars because "[w]here the bulk of the government's evidence consists of testimony regarding conversations the defendant personally participated in, the defendant cannot argue surprise." *United States v. Ramamurthy* 2019 WL 633328, at *4 (S.D. Fla. Feb. 13, 2019). However, even if we assume that a bill of particulars was the proper vehicle for the relief requested, Defendant is in receipt of all the information she needs. The Government has produced 103,000 documents with interview notes totaling approximately 1,100 pages. The indictment also alleges that the misrepresentations are premised on Defendant (1) falsifying whether the children were qualified to participate in the study, (2) falsifying whether the parents and guardians had given informed consent, (3) falsifying whether a doctor saw children for scheduled visits, (4) falsifying whether children were paid for study participation, (5) falsifying whether children received

10

the asthma drug, and (6) falsifying whether children reported their experiences with the asthma drug.

Given that the indictment's allegations are well-pled to give Defendant notice of the charged offense and she is in receipt of the specific misstatements – all of which the Government alleges that she personally participated – she has more than what is necessary to prepare for her defense. *See Cole,* 755 F.2d 748, 760-61 (11th Cir. 1985) (denying motion for bill of particulars where indictment tracked the language of the statute, provided adequate notice of charges, and bulk of government's evidence involved testimony by witnesses about conversations in which the defendant participated); *United States v. Lacerda,* 2013 WL 3177814, at *14–15 (D.N.J. June 19, 2013) (finding information sought in defendant's requests for a bill of particulars, including the specific false statements and misrepresentations she made, were "outside the purview of a bill of particulars"). The motion for a bill of particulars is therefore **DENIED**.

### B. *Whether Plaintiff is Entitled to Evidence in the Government's Case-in-Chief*

Defendant's second motion is to compel the Government to give notice of its intent to use certain evidence in its case in chief. Defendant says that the indictment alleges that she participated in a multi-year conspiracy with at least three co-conspirators and that she should not be required to guess as to which items the Government intends to use at trial. She relies primarily on Rules 12(b)(4) and 16(a)(1)(E)(ii) because, in her view, they require the Government to disclose this

11

information. *See United States v. Anderson*, 416 F. Supp. 2d 110, 115 (D.D.C. 2006) ("[T]he government must identify what it intends to rely on in its case-in-chief at trial before the defendant must identify what he intends to rely on in his."). Defendant claims that the Government has fallen short of these requirements because, while the latter produced massive amounts of discovery, it only identified a large universe of documents that it may use at trial. Because this violates the Federal Rules and there is no prejudice or risk of disclosing the Government's trial strategy, Defendant asks that the motion be granted.

The Government's response is that the motion should be denied because it has produced 700,000 pages of discoverable information, interview notes totaling approximately 1,100 pages, production letters, discovery indexes, and case histories. The Government says that it has exceeded the requirements under the Federal Rules of Criminal Procedure and that pursuant to "interpretative case law," (whatever that means) the motion lacks merit. [D.E. 32 at 8]. If Defendant requires additional time to review the items produced, the Government agrees to that relief but opposes any additional disclosure out of concern that it will reveal its trial strategy.

Neither party referenced a case where the Eleventh Circuit examined rule 12(4)(B) and the few federal district courts that have done so are divided over what it requires of the United States. Some courts hold that the Government satisfies the rule with notice that it needs to use some or all of the evidence produced in discovery in its case in chief. *See United States v. Kimble*, 2007 WL 1430303, *2 (S.D. Ga. May

12

10, 2007) (concluding that the United States' "open file" discovery policy, in which the United States produced all material evidence, satisfies rule 12(b)(4)(B)'s requirements); *United States v. Jordan*, 2007 WL 1849985, *3 (E.D. Tenn. June 25, 2007) (concluding that the United States' "representation that any and all physical and documentary evidence applying to the Indictment has been forwarded to defense counsel" satisfies rule 12(b)(4)(B)); *United States v. Cushmeer*, 2007 WL 1858269, *2 (N.D. Ohio June 26, 2007) (concluding that the United States satisfied rule 12(b)(4)(B), because it "complied with its Rule 16 discovery obligations by making all evidence available for review").

Other courts take a more expansive approach and require the Government to do more than simply make all evidence produced in discovery available for review. Indeed, these cases require the Government to specify the actual items that the United States intends to use at trial. *See Anderson*, 416 F. Supp. 2d at 112 (concluding that the United States "must notify defendant of the evidence that it intends to use in its case-in-chief -- that is, the evidence that will appear on the government's exhibit list for trial" to satisfy rule 12(b)(4)(B)); *United States v. Cheatham*, 500 F. Supp. 2d 528, 535-36 (W.D. Pa. 2007) (concluding that the United States' "open file policy . . . does not comply with Rule 12(b)(4)(B) because it does not specify which evidence the government intends to use at trial) (internal citations and quotation marks omitted).

Both parties failed to grapple with the interplay between Rules 12 and 16, and ongoing split in authority that has plagued district courts.[4] However, based on the undersigned's review of relevant cases, secondary sources, and the committee notes to the Federal Rules of Criminal Procedure, Rule 12 does not require the Government "to reveal non-discoverable information, its trial strategy, or other parts of its case, nor does it require notice of evidence that the government may use during cross-examination of a defense witness or as part of the prosecution's rebuttal case." 1A Charles Alan Wright & Andrew D. Leipold, *Federal Practice and Procedure*: *Criminal* § 196 (5th ed. 2020). Instead, Rule 12 was designed to facilitate the filing of motions to suppress:

> [T]he Rule was not designed to aid the defendant in ascertaining the government's trial strategy, but only in effectively bringing suppression motions before trial, as required by Rule 12(b)(3). Put differently, defendants cannot invoke Rule 12(b)(4)(B) to force the government to decide precisely which documents provided in discovery it will offer at trial and to prevent it from using any that it does not so designate as a matter of trial tactics. In sum, the Rule does not require the government to disclose its exhibit and witness list at this time.

*U.S. v. Ishak*, 277 F.R.D. 156, 158–159 (E.D. Va. 2011) (internal quotation marks and citations omitted); *see also* 1A Charles Alan Wright & Andrew D. Leipold, *Federal Practice and Procedure*: *Criminal* § 196 (5th ed. 2020) ("[T]he government's obligation

---

[4] Although there is a district court split, with little appellate authority on the interplay between Rules 12 and 16, the majority of courts in recent years have adopted the same position that the undersigned does here.

14

is qualified—it must only give notice of its intent to use evidence that may be subject to a motion to a suppress.").

To arrive at this conclusion, it requires a proper analysis of Rule 12(b)(4)(B) and a close look at the text itself:

> (B) *At the Defendant's Request.* At the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

Fed. R. Crim. P. 12(b)(4)(B) (emphasis in original). The language states that a defendant "*may . . . move to suppress evidence*" and that a *request* can be made of the evidence that the Government intends to use in its case in chief. *Id*.

This limits Rule 12 in two respects. The first is that Rule 12 operates as a restriction for which a request may be made because it entitles a defendant to notice of the Government's evidence only insofar as it would "provide the defendant with sufficient information to file the necessary suppression motions." *United States v. Lujan*, 530 F. Supp. 2d 1224, 1246 (D.N.M. 2008); *accord United States v. Lanier,* 578 F.2d 1246, 1254 (8th Cir. 1978) (emphasizing that the predecessor to Rule 12(b)(4)(B) "contemplates motions filed in preparation for actual or potential motions to suppress evidence").

This allows a defendant, at the pretrial stage, to make a request to the Government and to determine whether to file a motion to suppress. And, by doing so, Rule 12(b)(4)(B) "preserves the integrity of a trial by not interrupting it with

15

suppression motions." *United States v. de la Cruz–Paulino,* 61 F.3d 986, 994 (1st Cir. 1995) (citing authorities); *accord* 1A Charles A. Wright & Andrew D. Leipold, *Federal Practice & Procedure: Criminal* § 195, at 451 (4th ed. 2008) (stating that Rule 12(b)(4)(B) is "intended to facilitate the making of a pretrial motion for the suppression of evidence"). This means "the government's obligation under Rule 12(b)(4)(B) ends when it has made disclosures that sufficiently allow the defendants to make informed decisions whether to file one or more motions to suppress." *Ishak*, 277 F.R.D. at 158. So, given that Defendants cannot use Rule 12(b)(4)(B) "to force the government to decide precisely which documents provided in discovery it will offer at trial," *United States v. El–Silimy,* 228 F.R.D. 52, 57 (D. Me. 2005), it does not require the Government to prematurely disclose its exhibit and witness lists. *See Lujan,* 530 F. Supp. 2d at 1246.[5]

The second limitation under Rule 12(b)(4)(B) is that a defendant must identify with *specificity* the potentially suppressive evidence. *See Ishak*, 277 F.R.D. at 159 ("This is the second limitation: In order to trigger a notice obligation, the defendant's request must identify potentially suppressive evidence with specificity."). This requirement is found in the Advisory Committee Notes to Rule 12 where it says that a defendant can "make [her] motion to suppress prior to trial" by "request[ing] the

---

[5] Courts taking a different view are unpersuasive because they fail to grapple with the Rule's 12 text, purpose, and relationship to Rule 16 and, if the rule contemplated a detailed exhibit list, it could have stated so expressly." *Lujan,* 530 F. Supp. 2d at 1246.

government to give notice of its intention to use *specified evidence* which the defendant is entitled to discover under rule 16." Fed. R. Crim. P. 12, advisory committee's note (emphasis added). This clarifies that the purpose of Rule 16 is to require the Government to disclose certain materials to a defendant because the Government must, upon a defendant's request, disclose "books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control," and if such item falls into one of the following three categories: (1) the item is material to preparing the defense, (2) the government intends to use the item in its case in chief, or (3) the item was obtained from or belongs to the defendant. Fed. R. Crim. P. 16(a)(1)(E).

But, while the Government must produce certain categories of information under Rule 16 – including items sourced from what the Government intends to use at trial – there is no requirement to *identify* these materials. The task of identifying evidence stays with a defendant under Rule 12. And this remains a defendant's task despite the production of a large volume of disclosed materials. *See United States v. Koschtschuk,* 2010 WL 584018, at *10 (W.D.N.Y. Feb. 16, 2010) (finding "no basis for the government to more specifically identify the evidence that it intends to use" even despite "the burden placed on defendants in having to review the many hours of electronic intercepts").

17

After a defendant flags evidence that might be suppressible, he can then ask the Government whether it intends to use it at trial under Rule 12. This helps avoid unnecessary expense and trial disruption because if the Government does not intend to use the evidence in question, there is no need to file a motion to suppress. Thus, Rule 12 "streamlines the suppression process because the defendant can avoid moving to suppress evidence the Government does not intend to use." *United States v. Smith,* 277 F. App'x 187, 191 (3d Cir.2008); *accord* Rule 12, Fed. R. Crim. P. Advisory Committee's note ("[R]ule 12 makes it possible for [a defendant] to avoid the necessity of moving to suppress evidence which the government does not intend to use.").

This clarifies how Rule 12(b)(4)(B) does not require the Government to automatically produce items since that function belongs to Rule 16. *See United States v. Osberger,* 2009 WL 529210, at *3 (D. Neb. Mar. 2, 2009) (stressing that the Rule 12 is "not a discovery device" and that "the defendant is not entitled to have the government outline its case"); *see also United States v. Gonzalez*, 2020 WL 6158246, at *5 (D.D.C. Oct. 21, 2020) ("Rule 12(b)(4) is a notice rule, not a discovery rule, and cannot be used for this purpose."). Instead, "Rule 12(b)(4)(B) is a procedural and timing rule that allows a defendant who is aware that the government is in possession of certain specific evidence—probably by virtue of Rule 16—to require that the government disclose whether it intends to present that evidence in its case-in-chief." *Ishak*, 277 F.R.D. at 160 (citing *United States v. Western Titanium,* 2010 WL

18

4117294, at *3 (S.D. Cal. Oct. 18, 2010) ("Rule 12(b)(4)(B) does not appear to be intended as a means to enable defendants to pinpoint particular pieces of evidence subject to suppression, but as a means to identify evidence for which a motion to suppress is not required.")). And this is again consistent with the Advisory Committee notes to Rule 12:

> Although the defendant is already entitled to discovery of such evidence prior to trial under rule 16, rule 12 makes it possible for him to avoid the necessity of moving to suppress evidence which the government does not intend to use. No sanction is provided for the government's failure to comply with the court's order because the committee believes that attorneys for the government will in fact comply and that judges have ways of insuring compliance.

Fed. R. Crim. P. 12, advisory committee notes, 1974 amendment.

Having now clarified how Rules 12 and 16 operate, Defendant's motion falls short because it fails to trigger the Government's notice obligation. Defendant requests that the Government divulge what it intends to use in its case in chief because this is "material to the defense." [D.E. 31 at 3]. But, Rule 12(b)(4)(B) "does not exist to help defendants' prepare a proper and effective defense' in s[uch] a broad sense." *Ishak*, 277 F.R.D. at 160. The purpose of Rule 12(b)(4)(B) is instead much narrower and designed to avoid unnecessary motion practice for suppressing evidence that the Government has no intention of relying upon. Yet, Defendant makes no mention of a need to suppress evidence and that makes it unclear how her request falls within the scope of Rule 12(b)(4)(B).

19

Assuming, however, that Defendant corrected this mistake, she also fails to explain what *specific* evidence she seeks to suppress. This is plainly insufficient because "[a]ny request under Rule 12(b)(4)(B) must identify evidence with sufficient specificity that the government can readily ascertain the particular evidence referenced." *Ishak*, 277 F.R.D. at 160. And "[o]nly then can the government effectively provide notice whether it intends to offer that particular evidence in its case-in-chief." *Id.*; *see also Gonzalez*, 2020 WL 6158246, at *5 ("Defendant cannot shift that burden onto the government. Rule 12(b)(4)(B) only allows the defendant to obtain notice from the government *after* the defendant has identified the evidence that it may want to move to suppress.") (emphasis in original). Because Defendant fails to present a proper purpose for the evidence she requests and fails to specify what items she seeks to suppress, the motion falls short in at least two respects and must be **DENIED**. *See United States v. Bunch,* 2009 WL 4784637, at *2 (E.D. Tenn. Dec. 8, 2009) (denying similar motions as "over-broad and inappropriate").

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that the pending pretrial discovery motions [D.E. 30-31] are **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 7th day of September, 2021.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge