UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff | ) | |
| | ) | Case No. 21-cr-20301 |
| | ) | Hon. Darrin Gayles |
| | ) | |
| v. | ) | |
| | ) | |
| JESSICA PALACIO | ) | |
| Defendant | ) | |
| _____/ | | |

**JESSICA PALACIO'S PROPOSED JURY INSTRUCTIONS**

JESSICA PALACIO files her proposed jury instructions as set forth herein.[1]


*/s/Marissel Descalzo*
**TACHE BRONIS AND DESCALZO, P.A**
150 S.E. 2nd Avenue, Suite 600
Miami, Florida 33131
Office: (305) 537-9565
Florida Bar No. 669318
Email: mdescalzo@tachebronis.com

*/s/Andrew S. Feldman*
**FELDMAN FIRM PLLC**
150 S.E. 2nd Avenue, Suite 600
Miami, Florida 33131
Direct: (305) 714-9474
Florida Bar No. 60325
Email: afeldman@feldmanpllc.com

***Attorneys for Jessica Palacio***

---

[1] The Sections included in **red** are revisions or additions to the Eleventh Circuit Pattern Jury instructions. Annotations and citations to relevant legal authorities are also included in support of those revisions in **red.**

**B2.1**
**The Duty to Follow Instructions And the Presumption of Innocence**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove [his] [her] innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

<u>**ANNOTATIONS AND COMMENTS**</u>

*In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 1073, 25 L. Ed. 2d 368 (1970) (The due process clause protects all criminal defendants "against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."); see also *Harvell v. Nagle*, 58 F.3d 1541, 1542 (11th Cir. 1995), *reh'g denied*, 70 F.3d 1287 (11th Cir. 1995).

**B3**
## Definition of "Reasonable Doubt"

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

<u>**ANNOTATIONS AND COMMENTS**</u>

*United States v. Daniels*, 986 F.2d 451 (11th Cir. 1993), opinion readopted on rehearing, 5 F.3d 495 (11th Cir. 1993), *cert. denied*, 511 U.S. 1054, 114 S. Ct. 1615, 128 L. Ed. 2d 342 (1994) approves this definition and instruction concerning reasonable doubt; *see also United States v. Morris*, 647 F.2d 568 (5th Cir. 1981); *Victor v. Nebraska*, 511 U.S. 1, 114 S. Ct. 1239, 127 L. Ed. 2d 583 (1994) (discussing "reasonable doubt" definition and instruction).

**B4**
## Consideration of Direct and Circumstantial Evidence;
## Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## ANNOTATIONS AND COMMENTS

*United States v. Clark*, 506 F.2d 416 (5th Cir. 1975), *cert. denied*, 421 U.S. 967, 95 S. Ct. 1957, 44 L. Ed. 2d 454 (1975) approves the substance of this instruction concerning the lack of distinction between direct and circumstantial evidence; *see also United States v. Barnette*, 800 F.2d 1558, 1566

(11th Cir. 1986), *reh'g denied*, 807 F.2d 999 (11th Cir. 1986), *cert. denied*, 480 U.S. 935, 107 S. Ct. 1578, 94 L. Ed. 2d 769 (1987) (noting that the "test for evaluating circumstantial evidence is the same as in evaluating direct evidence") (citing *United States v. Henderson*, 693 F.2d 1028, 1030 (11th Cir. 1982)).

*United States v. Hope*, 714 F.2d 1084, 1087 (11th Cir. 1983) ("A trial judge may comment upon the evidence as long as he instructs the jury that it is the sole judge of the facts and that it is not bound by his comments and as long as the comments are not so highly prejudicial that an instruction to that effect cannot cure the error.") (citing *United States v. Buchanan*, 585 F.2d 100, 102 (5th Cir. 1978)). *See also United States v. Jenkins*, 901 F.2d 1075 (11th Cir. 1990).

*United States v. Granville*, 716 F.2d 819, 822 (11th Cir. 1983) notes that the jury was correctly instructed that the arguments of counsel should not be considered as evidence (citing *United States v. Phillips*, 664 F.2d 971, 1031 (5th Cir. 1981)); *see also United States v. Siegel*, 587 F.2d 721, 727 (5th Cir. 1979).

For an alternative description of evidence, see Preliminary Instruction, "what is evidence."

**B5**
**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**B6.2**
**Impeachment of Witnesses Because of Inconsistent**
**Statements or Felony Conviction**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**ANNOTATIONS AND COMMENTS**

*See United States v. Solomon*, 856 F.2d 1572, 1578 (11th Cir. 1988), *reh'g denied*, 863 F.2d 890 (1988), *cert. denied*, 489 U.S. 1070, 109 S. Ct. 1352, 103 L. Ed. 2d 820 (1989).

**B6.7**
**Impeachment of Witness Because of Bad Reputation for (or Opinion about) Truthfulness**
**(May Be Used With 6.1 – 6.6)**

There may also be evidence tending to show that a witness has a bad reputation for truthfulness in the community where the witness resides, or has recently resided; or that others have a bad opinion about the witness's truthfulness.

You may consider reputation and community opinion in deciding whether to believe or disbelieve a witness.

## ANNOTATIONS AND COMMENTS

Rule 608. [Fed. R. Evid.] Evidence of Character and Conduct of Witness
    (a) Opinion and reputation evidence of character. - - The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.

*See United States v. Watson*, 669 F.2d 1374, 1381-1383 (11th Cir. 1982) distinguishing between reputation witnesses and personal opinion witnesses, and finding error in the exclusion of opinion testimony.

*See also*, Special Instruction 11, Character Evidence (relating to evidence of the character of the accused offered under Rule 404(a)(1), Fed. R. Evid.), and the Annotations and Comments following that instruction.

**B7**
**Expert Witness**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

**ANNOTATIONS AND COMMENTS**

*United States v. Johnson*, 575 F.2d 1347, 1361 (5th Cir. 1978), *cert. denied*, 440 U.S. 907, 99 S. Ct. 1214, 59 L. Ed. 2d 454 (1979).

**B9.1A**
**On or About; Knowingly; Willfully – Generally**

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

[The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that [his] [her] conduct may be violating.]

## ANNOTATIONS AND COMMENTS

The Definition of willfulness in this instruction can be used in most cases where willfulness is an element. For crimes requiring a particularized knowledge of the law being violated, such as tax and currency-structuring cases, use 9.1B's definition of willfulness.

The committee in its most recent revisions to the pattern instructions has changed the approach to how "willfully" should be charged in the substantive offenses which include it as an essential element of the offense. The previous editions of the pattern instructions included the following definition that historically has been used in most cases:

> The word "willfully," as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

Although this definition has been useful as a general definition that encompasses many different aspects of the legal concept of "willfulness" in a concise and straightforward manner, the Committee has concluded, along with every other Circuit Pattern Instruction Committee that has considered the issue, that the definition is not accurate in every situation. A review of the case law reveals how the courts have struggled with the meaning of "willfulness" as a *mens rea* requirement for substantive criminal offenses. *See Bryan v. United States*, 524. U.S. 184, 189-92, 114 S. Ct. 1939, 1944-45 (1998) ("The word 'willfully' is sometimes said to be 'a word of many meanings' whose construction is often dependent on the context in which it appears." (citing *Spies v. United States*, 317 U.S. 492, 497, 63 S. Ct. 364, 367 (1943))); *see also Ratzlaf v. United States*, 510 U.S. 135, 140-41, 114 S. Ct. 655, 659 (1994); *United States v. Phillips*, 19 F.3d 1565, 1576-84 (11ᵗʰ Cir. 1994) (noting the difficulty in defining "willfully" and discussing the term in various contexts), <u>amended to correct clerical errors</u>, 59 F.3d 1095 (11ᵗʰ Cir. 1995); *United States v. Granda*, 565 F.2d 922, 924 (5ᵗʰ Cir. 1978) (noting, *inter alia*, that "willfully" has defied any consistent interpretation by the courts"); *see generally United States v. Bailey*, 444 U.S. 394, 403, 100 S. Ct. 624, 631 (1980) ("Few areas of criminal law pose more difficulty that the proper definition of the *mens rea* requirement for any particular crime.").

Based on the case law, the Committee has concluded that the criminal offenses that expressly include "willfulness" as an essential element can be divided into two broad categories. For the first category (Instruction 9.1A, which encompasses most offenses) "willfully" is defined to require that the offense be committed voluntarily and purposely with the intent to do something unlawful. However, the person need not be aware of the specific law or rule that his or her conduct may be violating. This definition is narrower than the traditional definition that has been used in our pattern charges in the past, but the Committee believes that this narrower definition is required under the law. *See, e.g. Bryan v. United States*, 524 U.S. 184, 118 S. Ct. 1939 (1998) (holding that the term "willfully" in 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D) requires proof that the defendant knew that his conduct was generally unlawful, but does not require that the defendant knew of the specific licensing requirement that he was violating).

The second category of criminal offenses that have "willfulness" as an essential element have a heightened *mens rea* requirement. For this limited class of offenses, the Government must prove more than the defendant knew that his conduct was done with a bad purpose to disobey the law in general. The Government must prove that the defendant had an intent to violate a known legal duty, that is with the *specific* intent to do something the law forbids. For these offenses, the Committee recommends that the definition of "willfully" in Instruction 9.1B be given to the jury. These offenses include currency structuring statutes and certain tax laws, which tend to involve "highly technical statutes that present the danger of ensnaring individuals engaged in apparently innocent conduct." *Bryan*, 118 S. Ct. at 1946 – 47. For example, *see Ratzlaf v. United States*, 114 S. Ct. 655 (1994) (holding that with respect to 31 U.S.C. § 5322(a) and the monetary transaction provisions that it controls, the Government must prove that the defendant acted willfully, *i.e.*, with specific knowledge that the structuring of currency transactions in which he was engaged was unlawful); *see also Cheek*

*v. United States*, 111 S. Ct. 604, 609-10 (1991) (explaining that due to the complexity of tax laws, there is an exception to the general rule that "ignorance of the law or a mistake of law is no defense to criminal prosecution," and "[t]he term 'willfully' [as used in certain federal criminal tax offenses] connot[es] a 'voluntary, intentional violation of a known legal duty'" (citing *United States v. Pomponio*, 429 U.S. 10, 12, 97 S. Ct. 22, 23 (1976) and *United States v. Bishop*, 412, U.S. 346, 360-61, 93 S. Ct. 2008, 2017 (1973))). In *Cheek*, the Supreme Court found error in the trial court's instruction to the jury that in order for the defendant's belief that he was not violating the law to be a defense, his good-faith belief must have been objectively reasonable. The Court further explained, however, that "a defendant's views about the validity of the tax statutes are irrelevant to the issue of willfulness and need not be heard by the jury, and, if they are, an instruction to disregard them would be proper." *Cheek*, 498 U.S. at 206, 111 S. Ct. at 613.

The Committee observes that the required mental state may be different even for different elements of the same crime. This possibility should be considered when determining what definition of *mens rea* should be charged. *See Liparota v. United States*, 471 U.S. 419, 423, 105 S. Ct. 2084, 2087 n.5 (1985).

Note: If the Defendant raises a good faith defense, it may be appropriate to give Special Instruction 9 [Good Faith Defense to Willfulness (as under the Internal Revenue Code)], Special Instruction 18 [Good Faith Reliance Upon Advice of Counsel].

# B12
# Verdict

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

## ANNOTATIONS AND COMMENTS

*United States v. Norton*, 867 F.2d 1354, 1365-66 (11th Cir. 1989), *cert. denied*, 491 U.S. 907, 109 S. Ct. 3192, 105 L. Ed. 2d 701 (1989) and 493 U.S. 871, 110 S. Ct. 200, 107 L. Ed. 2d 154 (1989) notes that the Court should not inquire about, or disclose, numerical division of the jury during deliberations but states that "[r]eversal may not be necessary even where the trial judge undertakes the inquiry and thereafter follows it with an *Allen* charge, absent a showing that either incident or a combination of the two was inherently coercive." See *United States v. Brokemond*, 959 F.2d 206, 209 (11th Cir. 1992). *See also United States v. Cook*, 586 F.2d 572 (5th Cir. 1978), *reh'g denied*, 589 F.2d 1114 (1979), *cert. denied*, 442 U.S. 909, 99 S. Ct. 2821, 61 L. Ed. 2d 274 (1979).

**B11**
**Duty to Deliberate**

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## ANNOTATIONS AND COMMENTS

*See United States v. Brokemond*, 959 F.2d 206, 209 (11th Cir. 1992). *See also United States v. Cook*, 586 F.2d 572 (5th Cir. 1978), *reh'g denied*, 589 F.2d 1114 (1979), *cert. denied*, 442 U.S. 909, 99 S. Ct. 2821, 61 L. Ed. 2d 274 (1979); *United States v. Dunbar*, 590 F.2d 1340 (5th Cir. 1979).

**S5**
**Note-taking**

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

## S12
## Character Evidence

Evidence of a defendant's character traits may create a reasonable doubt.

You should consider testimony that a defendant is an honest and law-abiding citizen along with all the other evidence to decide whether the Government has proved beyond a reasonable doubt that the Defendant committed the offense.

## ANNOTATIONS AND COMMENTS

Rule 404. [Fed. R. Evid.] Character Evidence; Crimes or Other Acts

(a) Character Evidence.

(1) Prohibited Uses. Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.

(2) Exceptions for a Defendant or Victim in a Criminal Case. The following exceptions apply in a criminal case:

(A) a defendant may offer evidence of the defendant's pertinent trait,    and if the evidence is admitted, the prosecutor may offer evidence to rebut it;

*See United States v. Broadwell*, 870 F.2d 594, 609 (11th Cir. 1989), *cert. denied*, 493 U.S. 840, 110 S. Ct. 125, 107 L. Ed. 2d 85 (1989).

*United States v. Darland*, 626 F.2d 1235 (5th Cir. 1980) held that it can be plain error to refuse this instruction when the Defendant offers evidence of good character; and, further, the admission of such evidence may not be conditioned on the Defendant testifying as a witness. Character evidence may be excluded, however, when the proffered witness has an inadequate basis for expressing an opinion as to the Defendant's character. *United States v. Gil*, 204 F.3d 1347 (11th Cir. 2000). A distinction must be drawn between evidence of a pertinent trait of the Defendant's character, offered under Fed. R. Evid. 404(a)(2), and evidence of the character of a witness for truthfulness (including the Defendant as a witness) offered under Fed. R. Evid. 608(a). This instruction should be given when the evidence has been admitted under Rule 404. Basic Instruction 6.7 should be given when evidence has been admitted under Rule 608.

In either case - - whether character evidence is admitted under Rule 404 or Rule 608 - - Rule 405(a) provides that "it may be proved by testimony about the person's reputation or by testimony in the form of an opinion."

**O36**
**False Statement to a Federal Agency**
**18 U.S.C. § 1001**

It's a Federal crime to willfully make a false or fraudulent statement to a department or agency of the United States.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant [made the statement] [made or used the document], as charged;

(2) the [statement] [document] was false;

(3) the falsity concerned a material matter;

(4) the Defendant acted willfully, knowing that the [statement] [document] was false; and

(5) the [false statement] [false document] was made or used for a matter within the jurisdiction of a department or agency of the United States.

A [statement] [document] is "false" when [made] [used] if it is untrue when made and the person [making] [using] it knows it is untrue. The Government doesn't have to show that the Governmental agency or department was, in fact, deceived or misled.

[When Government agents are conducting an investigation, a false "no" in response to a question is a false statement.]

[United States Citizenship and Immigration Services, Department of Homeland Security, is an agency of the United States. Filing documents with that agency to produce a change in an alien's immigration status is a matter within that agency's jurisdiction.]

The [making of a false statement] [use of a false document] is not a crime unless the falsity relates to a "material" fact.

A "material fact" is an important fact – not some unimportant or trivial detail – that has a natural tendency to influence or is capable of influencing a decision of a department or agency in reaching a required decision.

## ANNOTATIONS AND COMMENTS

18 U.S.C. § 1001(a) provides:

> … [W]hoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully - - (1) falsifies… a material fact; (2) makes any materially false, fictitious or fraudulent statement or representation; or (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious or fraudulent statement or entry [shall be guilty of an offense against the United States.]

Maximum Penalty: Five (5) years imprisonment and applicable fine.

The enumeration of the elements of the offense is taken from *United States v. Calhoon*, 97 F.3d 518, 523 (11th Cir. 1996).

In *Arthur Pew Const. Co. v. Lipscomb*, 965 F.2d 1559, 1576 (11th Cir. 1992), the court held that misrepresentation for purposes of § 1001 must be deliberate, knowing, and willful, or at least have been made with a reckless disregard of the truth and a conscious purpose to avoid telling the truth.

In *United States v. Gaudin*, 515 U.S. 506, 115 S. Ct. 2310, 132 L. Ed. 2d 444 (1995), the Supreme Court held that the materiality of a false statement under this section is a jury question, and that failure to submit the question of materiality to the jury constitutes reversible error. *See United States v. Klais*, 68 F.3d 1282, 1283 (11th Cir. 1995) (recognizing holding). The Eleventh Circuit has held

that for a conviction to be sustained under § 1001, "it is imperative that the writing or document be 'false.'" *United States v. Blankenship*, 382 F.3d 1110, 1132 (11th Cir. 2004). Where the writing or document at issue is a contract, the Court of Appeals further held that there are only two ways in which a contract can possibly be considered false: (1) where a person forges or alters it, or (2) where it contains "factual misrepresentations." *Id.*

The materiality definition is adopted from *Gaudin*, 115 S. Ct. at 2313, and *United States v. Lichenstein*, 610 F.2d 1272 (5th Cir. 1980). *See United States v. Grizzle*, 933 F.2d 943, 948 (11th Cir. 1991); *United States v. Herring*, 916 F.2d 1543, 1547 (11th Cir. 1990); *United States v. Gafyczk*, 847 F.2d 685, 691 (11th Cir. 1988).

The "exculpatory no" doctrine as an exception to the scope of the offense (*see United States v. Payne*, 750 F.2d 844, 861 (11th Cir. 1985)) was repudiated by the Supreme Court in *Brogan v. United States*, 522 U.S. 398, 118 S. Ct. 805, 139 L. Ed. 2d 830 (1998).

The committee believes that the general definition of "willfully" in Basic Instruction 9.1A would usually apply to this crime.

**T4**
**Explanatory Instruction Role of the**
**Interpreter**

We seek a fair trial for all regardless of what language they speak. We are going to have an interpreter assist us through these proceedings, and you should know what [she] can do and what [she] cannot do. Basically, the interpreter is here only to help us communicate during the proceedings. [She] is not a party in the case, has no interest in the case, and will be completely neutral. Accordingly, [she] is not working for either party. The interpreter's sole responsibility is to enable us to communicate with each other.

Treat the interpreter of the witness's testimony as if the witness had spoken English and no interpreter was present. Do not allow the fact that testimony is given in a language other than English influence you in any way.

If any of you understand the language of the witness, disregard completely what the witness says in [her] language. Consider as evidence only what is provided by the interpreter in English. If you think an interpreter has made a mistake, you may bring it to the attention of the Court, but you should make your deliberations on the basis of the official interpretation.

<u>**ANNOTATIONS AND COMMENTS**</u>

No annotations associated with this instruction.

**S9**

**Good-Faith Defense to Willfulness (revised)**

Good-Faith is a complete defense to Count 2 in the Indictment since good-faith on the part of the Defendant is inconsistent with willfulness, and willfulness is an essential part of the charge. If the Defendant acted in good faith, sincerely believing that the statement made to FDA inspector Craig Garmendia on April 25, 2017, as charged in Count Two of the Indictment, was not false, the Defendant did not act "willfully." The burden of proof is not on the Defendant to prove good-faith intent because the Defendant does not need to prove anything. The Government must establish beyond a reasonable doubt that the Defendant acted willfully as charged.

Intent and motive must not be confused. "Motive" is what prompts a person to act. It is why the person acts.

"Intent" refers to the state of mind with which the act is done.

If you find beyond a reasonable doubt that the Defendant specifically intended to do something that is against the law and voluntarily committed the acts that make up the crime, then the element of "willfulness" is satisfied.

## ANNOTATIONS AND COMMENTS

This instruction has been updated and now more closely resembles the language of other good faith defenses.

*See United States v. Anderson*, 872 F.2d 1508, 1517-18 (11th Cir. 1989), *cert. denied*, 493 U.S. 1004 (1989). However, in *United States v. Paradies*, 98 F.3d 1266 (11th Cir. 1996), *cert. denied*, 521 U.S. 1106 and 522 U.S. 1014 (1997), the Eleventh Circuit noted that although the jury instructions given in the case were legally sufficient as a whole, a portion of the former Special Instruction 9 "might potentially be deemed confusing." Id. at 1285. The updated instruction eliminates the confusion. It may be given when appropriate as a supplement to Basic Instruction 9.1B.

**S1.2**

**Testimony of Accomplice or Codefendant with Plea Agreement (revised)**

You must consider some witnesses' testimony with more caution than others.

In this case, the Government called as witnesses persons named as defendants in separate criminal case[s] who have been sentenced or who are awaiting sentencing. The Government has entered into guilty plea agreements with these witnesses that provide for the possibility of a lesser sentence than that to which the witnesses otherwise would be exposed based on their guilty pleas. Such plea bargaining, as it is called, has been approved as lawful and proper and is expressly provided for in the rules of this court. However, a witness who hopes to gain more favorable treatment in his own case may have a reason to make a false statement because he wants to strike a good bargain with the Government.

In evaluating the credibility of a witness, therefore, you should consider the witness's expectation that he may receive a reduced sentence because of the witness's cooperation with law enforcement.

The sentencing guidelines which the court must consult in determining an appropriate sentence apply to these witnesses. The sentencing guidelines and the underlying law provide that, upon certification by the Government stating that a defendant awaiting sentencing has provided substantial assistance to law enforcement in the investigation and prosecution of other crimes, the court may, but is not required to, impose a sentence below that suggested by the guidelines or below the mandatory minimum set by law. The law provides that a defendant who has already been sentenced may receive a reduced sentence based on his substantial assistance to the Government and the Government's certification of such assistance to the court. In either instance in federal court, the court cannot lower the sentence based on the substantial assistance unless the Government files the appropriate motion. If a motion is filed, the sentence imposed, and the extent of any reduction in sentence, is solely within the judge's discretion. In many cases, the court in fact reduces the sentence, but the court is not bound to do so.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

And the fact that a witness has pleaded guilty to an offense isn't evidence of the guilt of any other person.

## ANNOTATIONS AND COMMENTS

*United States v. Andrew E. Fisher,* 19-cr-00076-MCR (N.D. Fla) (Courts Instructions to Jury) (Dkt. No. 97 at 8-10) (3/9/20) (precise language used by the court at trial); *United States v. Solomon*, 856 F.2d 1572, 1578-79 (11th Cir. 1988), cert. *denied*, 489 U.S. 1070, 109 S. Ct. 1352, 103 L. Ed. 2d 820 (1989).

**O51**
**Wire Fraud (revised)**
**18 U.S.C. § 1343**

It's a Federal crime to use interstate wire, radio, or television communications to carry out a scheme to defraud someone else.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly devised or participated in a scheme to defraud Parexel and/or GSK using false or fraudulent pretenses, representations, or promises;

(2) the false pretenses, representations, or promises were about a material fact;

(3) the Defendant acted with the intent to defraud, that is the defendant intended to deceive or cheat Parexel and/or GSK out of money or property[2]; and

(4) the Defendant transmitted or caused to be transmitted by [wire] [radio] [television] some communication in interstate commerce to help carry out the scheme to defraud.

A "scheme to defraud" means any plan or course of action intended to deceive or cheat someone out of money or property by using false or fraudulent pretenses, representations, or promises.

A statement or representation is "false" or "fraudulent" if it is about a material fact that the speaker knows is untrue or makes with reckless indifference to the truth, and makes with the intent to defraud. A statement or representation

---

[2] *Kelly v. United States*, 140 S. Ct. 1565, 1571 (2020) ("The wire fraud statute thus prohibits only deceptive "schemes to deprive [the victim of] money or property."");

may be "false" or "fraudulent" when it is a half-truth, or effectively conceals a material fact, and is made with the intent to defraud.

A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something. A fact is "material" if it has the capacity or natural tendency to influence a person's decision. It doesn't matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false.

To act with "intent to defraud" means to act knowingly and with the specific intent to use false or fraudulent pretenses, representations, or promises to cause loss or injury.  Proving intent to deceive alone, without the intent to cause loss or injury, is not sufficient to prove intent to defraud.

The Government does not have to prove all the details alleged in the indictment about the precise nature and purpose of the scheme. It also doesn't have to prove that the material transmitted by interstate [wire] [radio] [television] was itself false or fraudulent; or that using the [wire] [radio] [television] was intended as the specific or exclusive means of carrying out the alleged fraud; or that the Defendant personally made the transmission over the [wire] [radio] [television]. And it doesn't have to prove that the alleged scheme actually succeeded in defrauding anyone.

To "use" interstate [wire] [radio] [television] communications is to act so that something would normally be sent through wire, radio, or television communications in the normal course of business.

Each separate use of the interstate [wire] [radio] [television] communications as part of the scheme to defraud is a separate crime.

## ANNOTATIONS AND COMMENTS

18 U.S.C. § 1343 provides:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice [shall be guilty of an offense against the laws of the United States].

Maximum Penalty: Twenty (20) years' imprisonment and applicable fine. (If the violation affects a financial institution, or is in relation to or in connection with a presidentially declared major disaster or emergency, thirty (30) years' imprisonment and $1 million fine.)

If the offense involved telemarketing, 18 U.S.C. § 2326 requires enhanced imprisonment penalties:

> A person who is convicted of an offense under section 1028, 1029, 1341, 1342, 1343, or 1344, or a conspiracy to commit such an offense, in connection with the conduct of telemarketing - -
>
> > (1) shall be imprisoned for a term of up to 5 years in addition to any term of imprisonment imposed under any of those sections, respectively; and
> >
> > > (2) in the case of an offense under any of those sections that - -
> > >
> > > > (A) victimized ten or more persons over the age of 55; or

(B) targeted persons over the age of 55,

shall be imprisoned for a term of up to 10 years in addition to any term of imprisonment imposed under any of those sections, respectively.

An additional element is required under the *Apprendi* doctrine when the indictment alleges any facts that would result in enhanced penalties under 18 U.S.C. § 1343 or § 2326. If the alleged offense involved telemarketing, or involved telemarketing and victimized 10 or more persons over age 55 or targeted persons over age 55, or the scheme affected a financial institution, or is in relation to or in connection with a presidentially declared major disaster or emergency, the Court should consider including a fourth element for that part of the offense and giving a lesser included offense instruction for just the Section 1341 offense. Alternatively, an instruction (to be used with a special interrogatory on the verdict form) can address those statutory variations of the scheme:

> If you find beyond a reasonable doubt that the defendant is guilty of using interstate [wire] [radio] [television] communications facilities in carrying out a scheme to defraud, then you must also determine whether the Government has proven beyond a reasonable doubt that [the scheme was in connection with the conduct of telemarketing] [the scheme was in connection with the conduct of telemarketing and (a) victimized ten or more persons over the age of 55, or (b) targeted persons over the age of 55] [the scheme affected a financial institution] [the scheme was in relation to, or in connection with, a presidentially declared major disaster or emergency].

Wire fraud requires showing (1) that the Defendant knowingly devised or participated in a scheme to defraud; (2) that the Defendant did so willfully and with an intent to defraud; and (3) that the Defendant used interstate wires for the purpose of executing the scheme. *Langford v. Rite Aid of Ala., Inc.*, 231 F.3d 1308, 1312 (11th Cir. 2000). Materiality is an essential element of the crimes of mail fraud, wire fraud, and bank fraud and must be decided by the jury. *Neder v. United States*, 527 U.S. 1, 25, 119 S. Ct. 1827, 144 L. Ed. 2d 35 (1999). The definition of materiality used here comes from that decision and the Eleventh Circuit's decision in the case upon remand. *United States v. Neder*, 197 F.3d 1122, 1128-20 (11th Cir. 1999), *cert. denied* 530 U.S. 1261 (2000).

The instruction makes clear that deception alone does not constitute a scheme to defraud; a defendant must intend to cause injury or loss.  *See United States v.*

*Takhalov*, 827 F.3d 1307, 1315 (11th Cir. 2016), altered in part on denial of rehearing by *United States v. Takhalov*, 838 F.3d 1168 (11th Cir. 2016) ("A jury cannot convict a defendant of wire fraud, then, based on misrepresentations amounting only to a deceit." (internal quotation marks and citation omitted)).

In wire fraud cases involving property rights, "the Government must establish that the defendant intended to defraud a victim of money or property of some value." *United States v. Cooper*, 132 F.3d 1400, 1405 (11th Cir. 1998). State and municipal licenses in general are not "property" for the purposes of this statute. *Cleveland v. United States*, 531 U.S. 12, 15, 121 S. Ct. 365, 369, 148 L. Ed. 2d 221 (2000) (addressing "property" for purposes of mail fraud statute).

The mail fraud and wire fraud statutes are "given a similar construction and are subject to the same substantive analysis." *Belt v. United States*, 868 F.3d 1208, 1211 (11th Cir. 1989).

*See also United States v. Svete*, 556 F.3d 1157, (11th Cir. 2009) and discussion *supra* Offense Instruction 50.1.

**O54**
**Conspiracy to Commit [Wire] Fraud**
**18 U.S.C. § 1349 (revised)**

It's a Federal crime to knowingly and willfully conspire or agree with someone to do something that, if actually carried out, would result in the crime of mail fraud.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, <u>or</u> that those who <u>were</u> members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty of this conspiracy offense only if all the following facts are proved beyond a reasonable doubt:

(1) two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit wire fraud, as charged in the indictment; and

(2) the Defendant knew the unlawful purpose of the plan and willfully joined in it;

Conspiracy actually has two intent elements — intent to further the unlawful purpose and the level of intent required for proving the underlying substantive offense of wire fraud. [3]

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities all of the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan – and willfully joined in the plan on at least one occasion – that's sufficient for you to find the Defendant guilty. However, the government must prove beyond a reasonable doubt that the defendant understood the essential nature of the charged conspiracy.[4]

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. Also, a person who doesn't know about a

---

[3] *United States v. Brooks,* 681 F.3d 678, 699 (5th Cir. 2012), *citing* Wayne R. LaFave & Austin W. Scott, Jr., *Substantive Criminal Law'* § 12.2(c)(1) (2003); *United States v. Alvarez,* 610 F.2d 1250, 1255 (5th Cir.1980) ("Conspiracy is, however, more complex because it involves two elements of intent that shade into each other: each party must have intended to enter into the agreement and the schemers must have had a common intent to commit an unlawful act.").'

[4] *U.S. v. Charles*, 313 F.3d 1278, 1284 (11th Cir. 2002) ("the government must prove that he "knew the essential nature of the conspiracy." *United States v. Payne,* 750 F.2d 844, 859 (11th Cir. 1985)"); *United States v. Sosa,* 777 F.3d 1279, 1290 (11th Cir. 2015); *United States v. Miranda,* 425 F.3d 953, 959 (11th Cir.2005) (quotation marks omitted and alterations adopted).")

conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

## ANNOTATIONS AND COMMENTS

18 U.S.C. § 1349 provides:

> Any person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

Maximum penalty: As stated above.

Section 1349 applies to all fraud offenses in Chapter 63, i.e., Sections 1341 through 1348, So, a conspiracy could be charged with any of those substantive offenses as the underlying count. This instruction is thus intended to be modified to fit the specific underlying fraud alleged in the indictment, and it is in the same general form as the controlled substances conspiracy instruction for 21 U.S.C. § 846 and the money laundering conspiracy instruction for 18 U.S.C. 1956(h). No overt act is required by Section 1349, and Congress' omission of that requirement (which is specifically included in 18 U.S.C. § 371) has been held by both the Supreme Court and the Eleventh Circuit to mean that it has dispensed with such a requirement. *Cf. United States v. Shabani*, 513 U.S. 10, 12, 115 S. Ct. 382, 130 L. Ed. 2d 225 (1994); *United States v. Pistone*, 177 F.3d 957, 959-60 (11th Cir. 1999).

For a case involving conspiracy to defraud the United States arising under 18 U.S.C. § 371, *see United States v. Mendez*, 528 F.3d 811 (11th Cir. 2008).

## THEORY OF THE DEFENSE

## [RESERVED]

## SPECIAL INSTRUCTIONS

## [RESERVED]

## <u>CERTIFICATE OF SERVICE</u>

I CERTIFY THAT, on this day, the foregoing was electronically transmitted via CM/ECF:

<u>/s/ Andrew S. Feldman</u>
**Andrew. S. Feldman**