UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-20537-CR-MIDDLEBROOKS

UNITED STATES OF AMERICA

vs.

OLGA TORRES,

Defendant.
_____/

## GOVERNMENT'S MOTION FOR RECONSIDERATION

On September 9, 2022, the parties filed a joint motion to continue the defendant's September 13 sentencing at least 30 days. *See* ECF No. 43. The parties noted that the prosecution was currently engaged in a jury trial before the Honorable Darrin P. Gayles in *United States v. Jessica Palacio*, No. 21-cr-20301. The Court denied the motion the same day after making arrangements with Judge Gayles to recess the trial to accommodate the September 13 sentencing.

The government respectfully files this motion for reconsideration of the Court's September 9 ruling. The government did not make it clear in its initial motion that the request to continue sentencing was grounded in more than scheduling considerations.  As further explained, the defendant's case and that of Jessica Palacio are intertwined. Given the circumstances, the interests of justice support continuing sentencing for at least 30 days. To the extent that it would be helpful to the Court, the parties are willing to have sentencing take place in West Palm Beach, where the Court ordinarily sits.

The defendant has a plea agreement with the government, which includes a cooperation provision. S*ee* ECF No. 18. Pursuant to that agreement and provision, the defendant testified earlier this week at trial in *United States v. Palacio*. Trial is ongoing. Paragraph 9 of the plea

agreement states that the government reserves the right to inform the sentencing court about the extent of the defendant's cooperation or lack thereof. Because the *Palacio* trial is ongoing and the case has not been completed, the government cannot fully and candidly evaluate and discuss the extent of the defendant's efforts, which may affect her sentence.

Moreover, by requiring the sentencing to occur before the completion of the *Palacio* trial, the defendant is put in an untenable position. Although the government does not, and cannot, speak for the defendant, it would seem that neither the defendant nor her counsel can be fully candid with the Court about her efforts to cooperate. Whatever the defendant says at the September 13 hearing could be transcribed immediately and used against her in the *Palacio* case — were the defendant to attempt to call her as a defense witness. In short, requiring the defendant's sentencing during the middle of a trial in which the defendant has been a cooperating witness — and could be recalled as a defense witness — seems unfair to the defendant.

Therefore, in the interests of justice, the government asks the Court to reconsider its September 9 ruling and to continue the defendant's sentencing for at least 30 days.

A proposed order is attached for the Court's consideration.

Dated: September 10, 2022

Respectfully submitted,

GUSTAV W. EYLER
DIRECTOR
CONSUMER PROTECTION BRANCH
U.S. DEPARTMENT OF JUSTICE

By:     *David A. Frank*
        David A. Frank (A5500486)
        Senior Litigation Counsel
        Marilee L. Miller (A5502762)
        Trial Attorney
        U.S. Department of Justice
        Consumer Protection Branch

450 Fifth Street, NW, Suite 6400-South
Washington, D.C. 20001
Tel.: (202) 307-0061 (Frank)
Tel.: (202) 305-2822 (Miller)
Fax: (202) 514-8742
David.Frank@usdoj.gov
Marilee.L.Miller@usdoj.gov

## CERTIFICATE OF CONFERENCE (L.R. 88.9(a))

Pursuant to Local Rule 88.9(a), government counsel conferred with defense counsel, Ana Davide, on September 10, 2022. Ms. Davide advised that she agrees with the relief sought by the motion.

*David A. Frank*
David A. Frank
U.S. Department of Justice

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2022, I electronically filed the foregoing document with the Clerk of the Court by way of the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*David A. Frank*
U.S. Department of Justice